# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 620 | **DATE** | 6/14/2002 |
| **CASE TITLE** | Juristech Associates, Ltd.  Vs. Krieg Devault Alexander & Capehart, LLP | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION: Defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted. This cause is dismissed for lack of personal jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 1 8 2002 | |
| ✓ | Docketing to mail notices. | date docketed | 7 |
| ✓ | Mail AO 450 form. | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| AMM | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 JUN 17 PM 4:21
FILED-ED-10
date/time received in
central Clerk's Office

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JURISTECH ASSOCIATES, LTD.,    )
                               )
        Plaintiff,        )
                               )
        v.                )   No. 02 C 620
                               )
KRIEG DEVAULT ALEXANDER &amp;  )
CAPEHART, LLP,            )
                               )
        Defendant.       )

**DOCKETED
JUN 1 8 2002**

**MEMORANDUM OPINION**

Before the court is defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons stated below, the motion is granted.

**BACKGROUND**

On December 20, 2001, plaintiff Juristech Associates, Ltd. ("Juristech"), an Illinois corporation, brought this breach of contract action against defendant Krieg DeVault Alexander &amp; Capehart, LLP ("Krieg DeVault"). Plaintiff, a legal employment firm, seeks to recover $85,000 plus "late fee" charges for the alleged breach.

Plaintiff's allegations are summarized as follows. In October 1996, Nicholas P. Kokoris of Juristech "cold called" Krieg DeVault, a law firm in Indiana, and spoke with Michael E. Williams, Krieg

DeVault's managing partner. Kokoris asked whether Krieg DeVault would be interested in exploring the possibility of Krieg DeVault's employing a patent attorney. Williams said yes; Kokoris told Williams that Juristech's fee for placement would be 19% of the the base compensation of the referred candidate.

Thereafter, Kokoris sent Williams the resume of David A. Lundy, an attorney who practiced in Indiana. Williams then called Kokoris and requested that Kokoris arrange a luncheon meeting for Lundy and Krieg DeVault in Indianapolis. Lundy subsequently had meetings and discussions with Krieg DeVault regarding Lundy's potential employment at the firm. Kokoris and Krieg DeVault had telephone calls and correspondence regarding Lundy's potential employment as well. These communications occurred in 1996, 1997, and 1998. Apparently, Krieg DeVault and Kokoris stopped communicating in mid-1998. According to Krieg DeVault, its discussions with Lundy also ceased, and Krieg DeVault began communicating with Lundy again in the spring of 2000. On October 1, 2000, Lundy joined Krieg DeVault. Juristech then brought this action in the Circuit Court of Cook County, Illinois, seeking to recover its fee for Lundy's placement at Krieg DeVault. Defendant thereafter removed the action to this court, asserting the existence of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant now moves to dismiss the complaint for lack of personal jurisdiction.

## DISCUSSION

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that jurisdiction over the defendant is proper. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). The court, in deciding such a motion, may receive and consider affidavits from both parties, see Nelson by Carson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983), and will resolve all factual conflicts in favor of the plaintiff, see Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1215 (7th Cir. 1984).

A federal district court sitting in diversity in Illinois has jurisdiction over a non-consenting, non-resident defendant if an Illinois state court would have jurisdiction. See McIlwee v. ADM Indus., Inc., 17 F.3d 222, 223 (7th Cir. 1994). "Three distinct obstacles to personal jurisdiction must generally be examined: (1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." RAR, 107 F.3d at 1276. As for state statutory law, the Illinois long-arm statute provides that an Illinois state court also may exercise jurisdiction "on any other basis now or hereafter permitted" by the state and federal constitutions. 735 ILCS 5/2-209(c). Because § 2-209(c) authorizes personal jurisdiction to the constitutional limit, the analysis

collapses into two constitutional inquiries--one state and one federal--and we need not consider whether defendants engaged in any of the acts enumerated in the Illinois long-arm statute. See RAR, 107 F.3d at 1276. Typically, the courts look to the federal due process clause to construe the Illinois due process clause. See McMurray v. ImproveNet, Inc., No. 00 C 7137, 2001 WL 561376, at *1 (N.D. Ill. May 22, 2001) (Grady, J.).

"General jurisdiction . . . is for suits neither arising out of nor related to the defendant's contacts [with the forum], and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." RAR, 107 F.3d at 1277. Specific jurisdiction, on the other hand, refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. See id. Plaintiff limits its jurisdictional argument to the question of specific jurisdiction.[1] In failing to argue general jurisdiction over defendant Krieg DeVault, plaintiff waives that ground for personal jurisdiction. See id. (citing Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 663 (7th Cir. 1986)). Thus, we focus exclusively on the question of specific jurisdiction.

---

[1] Moreover, plaintiff does not dispute the following statements contained in the affidavit of Michael E. Williams: Krieg DeVault is an Indiana limited liability partnership, and all of its partners are citizens of Indiana. (Affidavit of Michael E. Williams, ¶¶ 2-3.) Krieg DeVault is not registered to do business in Illinois, has not appointed a resident agent to accept service of process in Illinois, does not have an office or any other place of business in Illinois, does not have any bank accounts or other assets in Illinois, and does not have any attorneys or employees residing in Illinois. (Id., ¶ 4.)

The Constitution permits the court to exercise jurisdiction over defendants who have certain "minimum contacts" with the forum state, such that jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Even defendants not physically present in the jurisdiction have sufficient "minimum contacts" if they do some act by which they purposefully avail themselves of the privilege of conducting activities in the forum state, see Hanson v. Denckla, 357 U.S. 235, 251-53 (1958), and if they "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Due process also requires that the action arise from or relate to the defendant's contacts with the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The court should decide whether it is reasonable to require the non-resident defendant to litigate in the forum state, considering factors such as the relative interests of the litigants, the forum's interest in litigating the dispute, and "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." Burger King, 471 U.S. at 477 (quoting World-Wide Volkswagen, 444 U.S. at 292).

According to defendant, its only contacts with Illinois concerning the matters alleged in the complaint were by telephone and mail, and to the extent that the firm performed any acts

related to this matter (such as meeting and negotiating with Lundy), such acts occurred entirely in Indiana. Krieg DeVault contends that it "took no affirmative action by which it submitted itself to personal jurisdiction in Illinois, and it has not taken advantage or sought to take advantage of Illinois law or the opportunity to transact business in Illinois." (Defendant's Memorandum at 7.)

Plaintiff argues that the facts "clearly show that Defendant has availed itself of the jurisdiction of Illinois." (Plaintiff's Memorandum in Opposition at 6.) Plaintiff states: "It is clear that the defendant in our case did much more than just return phone calls. Defendant actively engaged in negotiations for placement of Mr. Lundy as well as for a lower fee arrangement. Defendant not only returned phone calls but initiated some to Plaintiff to further along the placement of Mr. Lundy. Defendant even sent plaintiff a letter to further the placement of Mr. Lundy." (Id.)

Plaintiff's brief also contains many statements regarding its own communications with Lundy. Plaintiff's activities, however, are irrelevant to the issue of personal jurisdiction over defendant; only the defendant's conduct is considered in determining the reach of our jurisdiction. See Dehmlow v. Austin Fireworks, 963 F.2d 941, 946 (7th Cir. 1992). Even after resolving all factual disputes in favor of the plaintiff, it is clear that the only contacts that Krieg DeVault had with Juristech (and thus

with the State of Illinois) in connection with this dispute were telephone calls, letters, and facsimile transmissions.[2] There is no allegation that anyone from Krieg DeVault ever set foot in Illinois in connection with the Lundy matter. Moreover, Juristech initiated the relationship by "cold calling" Krieg DeVault and sending materials regarding Lundy. Under these circumstances, we cannot say that Krieg DeVault purposefully availed itself of the privilege of conducting activities in Illinois such that it could reasonably anticipate being required to defend itself here. See, e.g., Cobra Capital, LLC, v. RF Nitro Communications, Inc., No. 02 C 493, 2002 WL 1263985, at *1-2 (N.D. Ill. June 5, 2002) (Kennelly, J.) (no specific jurisdiction where defendant's only contacts with the state were telephone calls, facsimile, e-mail, and regular mail, and where plaintiff initiated the parties' relationship). Furthermore, the case cited by plaintiff in support of its argument, Cook Associates, Inc. v. Colonial Broach & Machine Co., 304 N.E.2d 27 (Ill. App. Ct. 1973), is no longer considered viable authority.[3] See Weiser Group, Ltd. v. Arnett & Foster, No. 89 C 3530, 1989 WL 84381, at *3 (N.D. Ill. July 18, 1989) (Grady, J.)

---

[2] In addition, it appears that Krieg DeVault's position is not merely that there was no breach, but that it never entered into a contract with Juristech. (Plaintiff's Memorandum in Opposition, Ex. 9, Letter from Michael E. Williams to Nicholas Kokoris.)

[3] Cook is also distinguishable because the defendant in that case initiated the relationship between the parties. 304 N.E.2d at 29.

(citing <u>Afirm, Inc. v. Frazee Paint & Wallcovering Co.</u>, 624 F. Supp. 973, 977 (N.D. Ill. 1985) (Aspen, J.)).

## CONCLUSION

For the reasons explained above, defendant Krieg DeVault's motion to dismiss this case for lack of personal jurisdiction is granted.

DATE:     June 14, 2002

ENTER:    _____
          John F. Grady, United States District Judge